Jaikaran Singh CA Bar No. 201355
FOLEY & LARDNER LLP
11988 El Camino Real, Suite 400
San Diego, CA 92130
Telephone:    858.847.6700
Facsimile:    858.792.6773
jsingh@foley.com

Myles Lanzone, CA Bar No. 257791
FOLEY & LARDNER LLP
555 California Street, Suite 1700
San Francisco, CA 94104-1520
Telephone:    415.434.4484
Facsimile:    415.434.4507
mlanzone@foley.com

Attorneys for CF Arcis IX LLC, erroneously
sued as CF ARCIS IX LLC d/b/a
The Club at Ruby Hill

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN CHESS, and DAVID ORENBERG, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>CF ARCIS IX LLC d/b/a THE CLUB AT RUBY HILL, and DOES 1 through 100,<br><br>                    Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1332(a)(1) AND 28 U.S.C. § 1441 (DIVERSITY JURISDICTION)**<br><br>**Removed from the Superior Court of California, County of Alameda**<br><br>Filed concurrently with:<br>(i)    Declaration of James Oliver;<br>(ii)   Certification and Notice of Interested Parties; and<br>(iii)  Civil Case Cover Sheet. |

NOTICE OF REMOVAL OF A CIVIL ACTION
Case No.

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:**

 **PLEASE TAKE NOTICE** that Defendant CF Arcis IX LLC, erroneously sued as CF ARCIS IX LLC d/b/a The Club at Ruby Hill ("CF Arcis IX"), by its undersigned attorneys, Foley & Lardner LLP, in accordance with 28 U.S.C. sections 1332, 1441, and 1446, hereby removes this case to this Court from the Superior Court of California, County of Alameda.

**I. PROCEDURAL HISTORY AND TIMELINESS OF REMOVAL**

 1. On January 14, 2020, Plaintiffs John Chess and David Orenberg (collectively "Plaintiffs") filed this putative class action in the Superior Court of California, County of Alameda, Case No. RG20050237.  A true and complete copy of the Complaint is attached hereto as Exhibit A.

 2. Plaintiffs are golf club members at The Club at Ruby Hill ("Ruby Hill") in Pleasanton, California, which is owned by CF Arcis IX.

 3. On February 7, 2020, Plaintiffs served CF Arcis IX with a copy of the Summons and Complaint.  A true copy of the Summons is attached hereto as Exhibit B.

 4. Plaintiffs' Complaint is the initial pleading in this action that sets forth their claims for relief upon which this case is based.  Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is being filed within thirty (30) days from the date on which CF Arcis IX first received the Summons and Complaint.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999); *see also* Fed. R. Civ. P. 6(a)(1)(C).

 5. This action was not commenced in state court more than one year before the date of removal.  *See* 28 U.S.C. § 1446(c)(1).

 6. No previous notice of removal has been filed in this case.

 7. The Complaint, which is attached as Exhibit A, and the pleadings and other documents attached as Exhibit B, pursuant to 28 U.S.C. § 1446(a), are all the process and pleadings filed in this action, and no hearings or other proceedings have taken place in this action to CF Arcis IX's knowledge.

 8. CF Arcis IX files this Notice of Removal without conceding that Plaintiffs have pled claims upon which relief can be granted and without waiving any rights or defenses to the claims asserted by Plaintiffs and/or any objection to class certification.  CF Arcis IX specifically reserves the right to assert,

if applicable, any and all defenses enumerated in Rule 12 of the Federal Rules of Civil Procedure or any other affirmative defenses, including those enumerated in Rule 8(c) of the Federal Rules of Civil Procedure.

## II.     TWO ALTERNATIVE GROUNDS FOR REMOVAL EXIST

9.     Under 28 U.S.C. § 1332(a)(1), United States District Courts have original jurisdiction over actions where (1) the matter in controversy exceeds the sum or value of $75,000 and (2) is between citizens of different States.  *See* 28 U.S.C. § 1332(a)(1).

10.     Under 28 U.S.C. § 1332(d)(2), United States District Courts also have original jurisdiction over putative class actions where (1) there are at least 100 putative class members, (2) the amount in controversy exceeds $5,000,000, and (3) any proposed class member and any defendant are citizens of different states.  See 28 U.S.C. § 1332(d).

11.     Each of the requirements for both traditional diversity jurisdiction and federal jurisdiction under the Class Action Fairness Act ("CAFA") are satisfied here.

12.     In assessing removal, the allegations of the complaint must be assumed to be true and that a jury will return a complete verdict for the plaintiff.  *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002).

### A.     There is Complete Diversity of Citizenship

13.     Complete diversity of citizenship exists between the named Plaintiffs and the named Defendant in this case.[1]

#### 1.     Plaintiffs' Citizenship

14.     The Complaint alleges that Plaintiffs each reside in Alameda County, California.[2]

15.     The citizenship of absent class members need not be diverse.  *See Snyder v. Harris*, 394 U.S. 332, 340 (1969).  Regardless, Plaintiffs' alleged proposed class is comprised of only citizens of California.[3]

/ / /

---

[1] Minimal diversity for CAFA jurisdiction also exists because there is diversity of citizenship between CF Arcis IX and at least one class member, whether named or not.  *See* 28 U.S.C. § 1332(d).
[2] Complaint, ¶ 3.
[3] Complaint, ¶ 21.

NOTICE OF REMOVAL OF A CIVIL ACTION
Case No.                                    -2-

### 2.    Defendant's Citizenship

16.    The Complaint alleges that Defendant CF Arcis IX's principal place of business is New York, and that ultimately, CF Arcis IX is owned and/or managed by FRO UST LLC, a Delaware Limited Liability Company.[4]

### B.    The Amount in Controversy Requirement is Satisfied

17.    Plaintiffs allege claims individually and on behalf of a proposed class of other California citizens for: 1) violation of the Consumers Legal Remedies Act, Civil Code § 1750 et seq. ("CLRA"); 2) violation of the Unfair Competition Law, Business & Professions Code § 17200 et seq. ("UCL"); 3) fraud (misrepresentation); 4) fraud (omission); 5) conversion; 6) unjust enrichment; 7) breach of written contract; and 8) declaratory relief.[5]

18.    CF Arcis IX expressly denies Plaintiffs' allegations and denies that Plaintiffs (or any putative class member) are entitled to any monetary or injunctive relief at all or other relief or recovery. But if the allegations in the Complaint are true, the amount in controversy under Plaintiff Chess' individual claims would exceed $75,000, and the amount in controversy based on the aggregated claims of class members exceeds $5,000,000. *See Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."); *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008).

### 1.    Traditional Diversity Jurisdiction

19.    For purposes of traditional diversity removal, CF Arcis IX considers only Plaintiffs' individual claims to determine if the amount in controversy exceeds $75,000. *Snyder v. Harris*, 394 U.S. 332, 336 (1969) (the claims of multiple plaintiffs are not aggregated for purposes of assessing the matter in controversy under traditional diversity jurisdiction).

20.    Plaintiffs assert claims based on the Complaint allegations that they were induced to pay a membership deposit, fees and monthly membership dues based on the representation that their membership deposit would be refundable.[6]

/ / /

---

[4] Complaint, ¶ 4.
[5] *See generally* Complaint.
[6] Complaint, ¶¶ 1, 12, 17, 18, 20, 32, 46, 53.

NOTICE OF REMOVAL OF A CIVIL ACTION
Case No.                    -3-

21.     Plaintiffs have not specifically averred in the Complaint that the amount in controversy is less than $75,000, the jurisdictional minimum.[7]

22.     To the contrary, Plaintiffs' Complaint seeks a wide range of relief, including "restitution to each Plaintiff of any and all money or property paid by that Plaintiff," an award of treble damages, attorney's fees plus declaratory and injunctive relief.[8]

23.     Plaintiff Chess paid a membership deposit of $33,600.[9]  In addition, from 2016 through January 2020, Plaintiff Chess has paid $42,115 in monthly Family Golf Member dues and $100 in Summer Pool dues.[10]

24.     Thus, based on the allegations in the Complaint seeking restitution of "any and all money or property paid" by Mr. Chess, his individual claims have placed at issue an amount totaling at least $75,815.

25.     If this amount is trebled, as he seeks in the Complaint, Mr. Chess' individual claims alone put at issue over $227,000.

26.     Because Plaintiff Chess' individual claims exceed $75,000, this Court can exercise supplemental jurisdiction over the claims of other plaintiffs, even if those individuals' claims do not exceed $75,000.  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549-50 (2005).

## 2.     CAFA Jurisdiction

27.     Under CAFA, the claims of class members are aggregated to determine if the amount in controversy, including statutory attorney's fees, exceeds $5,000,000.  *See* 28 U.S.C. §§ 1332(d)(2), (d)(6); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998); *Berry v. American Express Pub., Corp.*, 381 F. Supp. 2d 1118, 1124 (C.D. Cal. 2005) (amount in controversy can be based either on the aggregate value of the class members' claims or on the costs to defendants of providing whatever relief is sought).

28.     Plaintiffs' Complaint seeks a wide range of monetary relief, including general damages, special damages, restitution of membership deposits, and attorneys' fees, on behalf of potentially all golf club members at Ruby Hill who purchased a refundable golf club membership.

---

[7] *See generally* Complaint.
[8] Complaint, Prayer for Relief, pp. 18-21.
[9] Complaint, ¶ 57; Declaration of James Oliver ("Oliver Decl."), ¶ 6.
[10] Oliver Decl., ¶ 6.

NOTICE OF REMOVAL OF A CIVIL ACTION
Case No.                                    -4-

29.    In particular, the Complaint seeks restitution for Plaintiffs and all other class members of all sums allegedly unlawfully collected, earned or retained by Defendant from Plaintiffs and other class members since June 6, 2014.[11]

30.    Plaintiffs' allegations that the members at Ruby Hill are improprerly denied refunds of their membership deposits for golf club memberships alone encompasses virtually all 237 members who purchased a refundable golf club membership and puts at issue an amount of more than $7,640,000 in refundable membership deposits. [12]

31.    And where a complaint does not specify the amount sought, the removing defendant need only show by a preponderance of the evidence that the amount in controversy exceeds the statutory minimum.  *Rodriguez v. AT & T Mobility Services LLC*, 728 F.3d 975, 981 (9th Cir. 2013); *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010); *Guglielmina v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

32.    Plaintiffs' request for statutory attorney's fees further increases the amount in controversy.[13]  *Galt*, 142 F.3d at 1156 (statutory attorney fees are included for determining amount in controversy).

33.    Courts estimating the amount of attorney's fees in alleged class actions for purposes of removal have found a 25% estimate to be reasonable.  *See, e.g.*, *Cortez v. United Nat. Foods, Inc.*, No. 18-CV-04603-BLF, 2019 WL 955001, at *7 (N.D. Cal. Feb. 27, 2019); *Ramos v. Schenker, Inc.*, No. 5:18-CV-01551-JLS-KK, 2018 WL 5779978, at *3 (C.D. Cal. Nov. 1, 2018) (" In this Court's experience, 'when including attorneys' fees within the amount-in-controversy for jurisdictional purposes, courts in this circuit consistently use the 25% benchmark rate.'"); *Garnett v. ADT LLC*, 74 F. Supp. 3d 1332, 1338 (E.D. Cal. 2015) ("The court must nonetheless do its best to estimate attorneys' fees, and in light of these cases, the court finds that defendant's fee estimation of 25 percent of recovery is a reasonable one.")

34.    The monetary relief sought by Plaintiffs well exceeds $5,000,000, without even considering the attorney's fees that Plaintiffs seek.  If attorney's fees are included, the amount in controversy increases by twenty-five percent.

---

[11] Complaint, Prayer for Relief.
[12] Oliver Decl., ¶ 8.
[13] Complaint, Prayer for Relief.

NOTICE OF REMOVAL OF A CIVIL ACTION
Case No.                                        -5-

35.     Of course, in acknowledging Plaintiffs' request for monetary relief and attorney's fees, CF Arcis IX does not concede that such a request is reasonable, has any merit or that Plaintiffs or any class member are entitled to any attorney's fees, restitution, damages or any relief or recovery whatsoever.

### C.     This is a Class Action with More Than 100 Class Members

36.     Plaintiffs have alleged a California statewide putative class action with a class defined as "[a]ll persons . . . who are members of the Ruby Hill Golf Club as of the date of filing of the lawsuit.[14]

37.     Plaintiffs' allegations that the members at Ruby Hill are improprerly denied refunds of their membership deposits for golf club memberships alone encompasses 237 members who purchased a refundable golf club membership during the relevant time period.[15]

### III.     NOTICE TO STATE COURT AND ADVERSE PARTY

38.     Counsel for CF Arcis IX certifies that, in accordance with 28 U.S.C. § 1446(d), copies of this Notice of Removal will be served upon Plaintiffs' counsel and filed with the clerk of the Superior Court of the State of California, County of Alameda.

WHEREFORE, Defendant CF Arcis IX hereby gives notice that this action is removed from the Superior Court of the State of California for the County of Alameda to this United States District Court for the Northern District of California.

DATED:  March 5, 2020                         **FOLEY & LARDNER LLP**

                                               /s/  Jaikaran Singh
                                               Jaikaran Singh
                                               Attorneys for CF Arcis IX LLC

---

[14] Complaint, ¶ 21.
[15] Oliver Decl., ¶ 8.

NOTICE OF REMOVAL OF A CIVIL ACTION
Case No.                                 -6-

4836-1808-0438.1